SEVLESRUO HOLDING CORPORATION ET AL., PLAIN-
TIFFS, v. AMERICAN EQUITABLE ASSURANCE COM-
PANY ET AL., DEFENDANTS.

Argued October 6, 1932—Decided April 28, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff Marie Grande, *Joseph T. Lieblich.*

For the defendant American Equitable Assurance Company, *Arthur T. Vanderbilt.*

PER CURIAM.

The matter is before us as on motion by defendant to retax costs, with depositions taken on rule. In June, 1931, a jury verdict of $283 was returned in favor of Marie Grande and against American Equitable Assurance Company upon what had originally been the seventh count of a complaint wherein other insureds as well as Marie Grande had been named as parties plaintiff and other insurers as well as the American Equitable Assurance Company had been named as parties defendant. After one trial resulting in a jury disagreement and several postponements of trial, the separate claim of Marie Grande against the named defendant for loss by fire to household furniture was severed from the remaining causes of action with the ultimate result above mentioned. Costs on the verdict were taxed by the clerk in favor of Marie Grande in the amount of $695.62. On this motion to retax the dispute arises over the allowances for witness fees.

The first argument advanced by American Equitable As-

surance Company is that the taxed costs include witness fees for numerous witnesses subpœnæd and present at times when, because of postponements, there was no trial, and in support of the argument section 8 of chapter 111 (*Pamph. L.* 1927), "An act concerning fees and costs and the taxation thereof in the Supreme Court of the State of New Jersey," is cited:

"Where application is made to the court * * * to adjourn or postpone a trial, the payment to the adverse party of a sum not exceeding ten dollars, if the parties reside in the same county, or a sum not exceeding fifteen dollars, if the parties reside in different counties, besides necessary disbursements, as hereinafter provided, already made or incurred, which are rendered ineffectual by the adjournment or postponement, may be required as a condition of granting the adjournment or postponement, and where no sum be so fixed the maximum sum, respectively, including said disbursements, shall be allowed."

This section, by its terms, applies to a postponement made on the application of one or the other of the parties. On June 18th, 1928, there was an adjournment, according to the depositions, on the request of, or at the instance of, the attorney for the plaintiffs. The costs as heretofore taxed include $93.50 for witness fees on that day. We consider that under the statute the plaintiff was not entitled to that allowance and therefore it will be omitted in the retaxing. There were other adjournments, but we are unable to determine from any record before us that those adjournments were on the application of plaintiff or plaintiff's attorney.

The next question is whether the defendant is chargeable, on the verdict in favor of Marie Grande, with the disbursements for subpœna and service fees made in connection with the trial that resulted in a jury disagreement. It is suggested that some of the witnesses were subpœnæd with respect to other counts in the complaint, but the proofs support a finding that the witnesses were called with respect to, and were material upon, the seventh count; and we are governed by these proofs.

Section 6 of the fee statute, *supra*, provides that: "* * *

Where on a trial of an issue of fact the judge declares a mistrial and allows costs to either party, twenty dollars shall be allowed, including disbursements. No costs shall be taxed on mistrial without an order of court * * *." It is contended that this is a prohibition against the taxing of costs on a mistrial without an order of the court, and that inasmuch as there was no court order there can be no costs taxed. The determination hinges upon the meaning to be given the word "mistrial" as used in the statute. Webster's New International Dictionary defines that word as "a trial legally of no effect by reason of some error in the proceedings; loosely, any trial not resulting in a lawful decision or verdict." Does the statute use the word within its restricted meaning or in the larger, "looser" use? We incline to the opinion that the intention of the legislature was to limit the application of the statute to such mistrials as result from some error, impropriety or irregualrity and as are declared mistrials by the judge. A trial resulting in a jury disagreement is in a sense a mistrial; but a jury disagreement can hardly be said to be an error, impropriety or irregularity and it is not ordinarily accompanied by an order of the court declaring a mistrial. At any rate, no order of that purport is brought to our attention. Our conclusion is that where there is a trial which proceeds regularly to the point where a jury is dismissed for the reason that it is unable to reach a verdict and there is no declaration of a mistrial by the judge, section 6 of the statute does not apply.

Finally, it is said that the affidavit filed with the bill of costs as taxed by the clerk is insufficient in that it was made by another than the attorney of record and in that it does not specify the names of the witnesses or the specific distances traveled by the witnesses. We know of no requirement that the affidavit must be made by the attorney of record in person. The names of the witnesses seem to be no longer in issue as the actual attendance is not disputed. The mileage appears by depositions now in the proofs.

The costs are retaxed as on the original taxation, omitting therefrom, however, the item of $93.50 for subpœna fees on

June 18th, 1928. Inasmuch as the defendant has succeeded in striking out a part of the items originally included, it is, on this proceeding, entitled to its costs, as on a successful motion to retax. *The Ordinary* v. *Allen*, 26 *N. J. L.* 145, 147.